I:\51918\Answer and Aff Defs to Complaint.Kahng.wpd/KWD/amv

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOON YOUNG CHUL KIM, on behalf of himself and all other Plaintiffs similarly situated known and unknown,

Plaintiff,

v.

CAPITAL DENTAL TECHNOLOGY LABORATORY, INC., d/b/a LSK 121 and LUKE S. KAHNG,

Defendants.

Case No.: 14-CV-05014

Judge Elaine E. Bucklo

**DEFENDANT, LUKE S. KAHNG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, LUKE S. KAHNG, by and through its attorneys, KEVIN W. DOHERTY, BRIAN T. GINLEY, and DOHERTY & PROGAR LLC, and for his Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

**NATURE OF PLAINTIFF'S CLAIM**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 10511 et. seq. ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff. During the course of his employment by Defendants, despite Plaintiff working in excess of forty (40) hours per week, Plaintiff was not paid overtime wages. Plaintiff further alleges that Defendants' failure to pay the overtime wages is willful and intentional. Plaintiff's Consent Forms to be representative Plaintiff in this collective action under the FLSA are attached hereto as Exhibit A.

**ANSWER:** This Defendant admits that the Plaintiff's Consent Forms to be representative Plaintiff in this collective action under the FLSA is attached to Plaintiff's Complaint as Exhibit A but denies that a collective action is proper in this matter. Further answering, this Defendant denies that it violated the Fair Labor Standards Act and/or the Illinois Minimum Wage Law, that the Plaintiff was entitled to receive overtime compensation, and that any purported failure to pay overtime wages was willful and wanton.

**THE PARTIES**

2. Plaintiff was at all relevant hereto employee of Defendants.

**ANSWER:** This Defendant admits that the Plaintiff was an employee of Defendant, CAPITAL DENTAL TECHNOLOGY LABORATORY, INC., d/b/a LSK 121. Further answering, this Defendant denies each and every remaining allegation contained in paragraph 2 of Plaintiff's Complaint.

3. Plaintiff was at all relevant hereto individual employed in the State of Illinois by Defendants.

**ANSWER:** This Defendant admits that the Plaintiff was employed by Defendant, CAPITAL DENTAL TECHNOLOGY LABORATORY, INC., d/b/a LSK 121, in the State of Illinois. Further answering, this Defendant denies each and every remaining allegation contained in paragraph 3 of Plaintiff's Complaint.

4. Plaintiff was at all times relevant hereto resided in the State of Illinois.

**ANSWER:** This Defendant admits the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5. Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and the Illinois Minimum Wage Law, and the implementing rules and regulations of the FLSA and the Illinois Minimum Wage Law.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 5 of Plaintiff's Complaint.

6. Plaintiff is filing this FLSA as individual action for himself.

**ANSWER:** This Defendant admits that the Plaintiff is filing this FLSA claim as an individual action for himself but denies any violations of the FLSA.

7. For the period commencing on or about April 3, 2012 until April 17, 2014, Plaintiff Kim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 7 of Plaintiff's Complaint.

8. Plaintiff performed work for Defendants the said excess of forty (40) hours per week work as an express condition of his continued employment.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 8 of Plaintiff's Complaint.

9. Throughout Plaintiff's employment, Defendants paid Plaintiff fixed amount regardless of the number of hours he worked in a day or the number of hours he worked in a workweek.

**ANSWER:** This Defendant admits that Defendant, CAPITAL DENTAL TECHNOLOGY LABORATORY, INC., d/b/a LSK 121, paid the Plaintiff a fixed amount for each workweek.

Further answering, this Defendant denies each and every remaining allegation contained in paragraph 9 of Plaintiff's Complaint.

10. Plaintiff Kim regularly worked more than 40 hours a week and was not paid for overtime hours.

**ANSWER:** This Defendant admits that the Plaintiff was not paid overtime hours. Further answering, this Defendant denies each and every remaining allegation contained in paragraph 10 of Plaintiff's Complaint.

11. Plaintiff Kim regularly worked more than 40 hours a week and was not paid for overtime hours.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 11 of Plaintiff's Complaint.

12. Plaintiff Kim performed manual labor for Defendants.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 12 of Plaintiff's Complaint.

13. Plaintiff Kim was assigned to the said manual labor work by Defendants.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 13 of Plaintiff's Complaint.

14. Plaintiff Kim was not required to possess any specialized skills in order to do the assigned work for Defendants.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 14 of Plaintiff's Complaint.

15. Plaintiff Kim did not have to supply his own tools and equipment in connection with his work for Defendants.

**ANSWER:** This Defendant admits that the Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendant, CAPITAL DENTAL TECHNOLOGY LABORATORY, INC., d/b/a LSK 121. Further answering, this Defendant denies each and every remaining allegation contained in paragraph 15 of Plaintiff's Complaint.

16. Plaintiff was required to report to work for Defendants at a certain time.

**ANSWER:** This Defendant admits that the Plaintiff was required to report to work for Defendant, CAPITAL DENTAL TECHNOLOGY LABORATORY, INC., d/b/a LSK 121, at a certain time. Further answering, this Defendant denies each and every remaining allegation contained in paragraph 16 of Plaintiff's Complaint.

17. Plaintiff could not set his own hours of work for Defendants.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 17 of Plaintiff's Complaint.

18. Plaintiff was not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 18 of Plaintiff's Complaint.

19. Defendant, Capital Dental Technology Laboratory, Inc. Is at all relevant times hereto egnaged in the business of Dental Laboratory.

**ANSWER:** This Defendant admits the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20. Defendant, Captial Dental Technology Laboratory, Inc. is and was at all relevant times hereto engaged in the interstate commerce.

**ANSWER:** This Defendant admits the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21. Defendant Luke S. Kahng ("Kahng") managed, supervised, established and administered the terms and conditions of Plaintiff's employment from about April 3, 2012 to April 17, 2014.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 21 of Plaintiff's Complaint.

22. Defendant Kahng participated in and approved of the unlawful pay practices at Capital Dental Technology Laboratory, Inc. d/b/a LSK 121.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant Kahng was involved in assigning work to Plaintiff.

**ANSWER:** This Defendant admits the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24. Defendant Kahng had the power and authority to discipline Plaintiff.

**ANSWER:** This Defendant admits the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25. Defendant Kahng exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

**ANSWER:** This Defendant admits the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26. Defendant Kahng hired Plaintiff.

**ANSWER:** This Defendant admits he hired the Plaintiff to work for Defendant, CAPITAL DENTAL TECHNOLOGY LABORATORY, INC., d/b/a LSK 121. Further answering, this Defendant denies each and every remaining allegation contained in paragraph 26 of Plaintiff's Complaint.

27. Defendant Kahng was in charge of paying employees.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 27 of Plaintiff's Complaint.

28. Defendant Kahng told Plaintiff where to work and when to work.

**ANSWER:** This Defendant admits that he told the Plaintiff where to work and what time to start work. Further answering, this Defendant denies each and every remaining allegation contained in paragraph 28 of Plaintiff's Complaint.

29. Defendants employed Plaintiff to do work for them in the State of Illinois.

**ANSWER:** This Defendant admits that the Plaintiff was employed by Defendant, CAPITAL DENTAL TECHNOLOGY LABORATORY, INC., d/b/a LSK 121, to do work in the State of Illinois. Further answering, this Defendant denies each and every remaining allegation contained in paragraph 29 of Plaintiff's Complaint.

30. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

**ANSWER:** This Defendant admits that Defendant, CAPITAL DENTAL TECHNOLOGY LABORATORY, INC., d/b/a LSK 121, was subject to the FLSA due to the nature of its business and revenues earned. Further answering, this Defendant denies each and every remaining allegation contained in paragraph 30 of Plaintiff's Complaint.

31. Defendants provided the tools and equipment and materials for Plaintiff to do his job with Defendants.

**ANSWER:** This Defendant admits that Defendant, CAPITAL DENTAL TECHNOLOGY LABORATORY, INC., d/b/a LSK 121, provided tools and equipment and materials for the Plaintiff to do his job. Further answering, this Defendant denies each and every remaining allegation contained in paragraph 31 of Plaintiff's Complaint.

32. Defendants held Plaintiff out as employee.

**ANSWER:** This Defendant admits that Defendant, CAPITAL DENTAL TECHNOLOGY LABORATORY, INC., d/b/a LSK 121, held the Plaintiff out as an employee. Further answering, this Defendant denies each and every remaining allegation contained in paragraph 32 of Plaintiff's Complaint.

33. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. §203(d), and the Illinois Minimum Wage Law.

**ANSWER:** This Defendant admits that Defendant, CAPITAL DENTAL TECHNOLOGY LABORATORY, INC., d/b/a LSK 121, is an employer within the meaning of the term of the Fair Labor Standards Act and the Illinois Minimum Wage Law. Further answering, this Defendant denies each and every remaining allegation contained in paragraph 33 of Plaintiff's Complaint.

34. Defendants' failure to properly pay Plaintiff for overtime wages was intentional and willful.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 34 of Plaintiff's Complaint.

35. No exemption from overtime wages applied to Plaintiff's employment with Defendants.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 35 of Plaintiff's Complaint.

36. Defendants never obtained legal advise or counsel that is overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 36 of Plaintiff's Complaint.

37. Defendants never obtained any written guidance from the U.S. Department of labor concerning their pay practices and policies.

**ANSWER:** This Defendant admits the allegations contained in paragraph 37 of the Plaintiff's Complaint.

38. No exemption from overtime applies or applied to Plaintiff when he worked or work more than 40 hours in a workweek for Defendants.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 38 of Plaintiff's Complaint.

39. Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours per work week.

**ANSWER:** This Defendant admits the Plaintiff was not paid overtime compensation for all hours worked in excess of 40 hours per workweek. Further answering, this Defendant denies each and every remaining allegation contained in paragraph 39 of Plaintiff's Complaint.

40. Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 40 of Plaintiff's Complaint.

41. Defendant Luke S. Kahng is citizen and resident of DuPage county.

**ANSWER:** This Defendant admits the allegations contained in paragraph 41 of the Plaintiff's Complaint.

**JURISDICTION AND VENUE**

42. This Court has jurisdication over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

**ANSWER:** This Defendant admits that this court has jurisdiction over Plaintiff, JOON YOUNG CHUL KIM's Fair Labor Standards Act claim, that venue is proper in this judicial district, and that this court has supplemental jurisdiction over Plaintiff, JOON YOUNG CHUL KIM's state law claims. Further answering, this Defendant denies that venue is proper for the proposed collective action.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**
**(All Plaintiffs)**

43. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and re-alleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

**ANSWER:** This Defendant restates its Answers to paragraphs 1 through 42 of the Plaintiff's Complaint, as and for its Answer to paragraph 43 of Count I of Plaintiff's Complaint, as if fully set forth herein.

44. This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and for their failure to pay overtime wages to Plaintiff for all hours worked.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 44 of Count I of the Plaintiff's Complaint.

45. For Plaintiff Kim, for the period commencing on or about April 3, 2012 and until April 17, 2014, Plaintiff Kim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 45 of Count I of the Plaintiff's Complaint.

46. Plaintiff Kim performed work for Defendants the said excess of forty (40) hours per week work as an express condition of his continued employment.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 46 of Count I of the Plaintiff's Complaint.

47. Throughout Plaintiff Kim's employment, Defendants paid Plaintiff fixed amount per week regardless of the number of hours he worked in a day or the number of hours he worked in a workweek.

**ANSWER:** This Defendant admits that Defendant, CAPITAL DENTAL TECHNOLOGY LABORATORY, INC., d/b/a LSK 121, paid the Plaintiff a fixed amount for each workweek. Further answering, this Defendant denies each and every remaining allegation contained in paragraph 47 of Count I of the Plaintiff's Complaint.

48. Plaintiff Kim regularly worked more than 40 hours a week and was not paid for overtime hours.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 48 of Count I of the Plaintiff's Complaint.

49. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

**ANSWER:** This Defendant admits the allegations contained in paragraph 49 of Count I of the Plaintiff's Complaint.

50. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 50 of Count I of the Plaintiff's Complaint.

51. Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 51 of Count I of the Plaintiff's Complaint.

52. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forty (40) hours, was entitled to be compensated at a rate of one and one-half times his regular rate of pay.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 52 of Count I of the Plaintiff's Complaint.

53. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

**ANSWER:** This Defendant admits the Plaintiff was not paid at a rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks. Further answering, this Defendant denies each and every remaining allegation contained in paragraph 53 of Count I of the Plaintiff's Complaint.

54. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 54 of Count I of the Plaintiff's Complaint.

55. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 55 of Count I of the Plaintiff's Complaint.

WHEREFORE, Defendant, LUKE S. KAHNG, denies that the Plaintiff is entitled to judgment against him for any amount of money whatsoever and prays for judgment in his favor and against the Plaintiff, JOON YOUNG CHUL KIM, plus costs of suit.

**LUKE S. KAHNG DEMANDS A TRIAL BY JURY.**

**COUNT II**
**Violation of the Illinois Minimum Wage Law - Overtime Wages**
**(All Plaintiffs)**

56. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and re-alleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

**ANSWER:** This Defendant restates its Answers to paragraphs 1 through 55 of the Plaintiff's Complaint, as and for its Answer to paragraph 56 of Count II of Plaintiff's Complaint, as if fully set forth herein.

57. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

**ANSWER:** This Defendant admits the allegations contained in paragraph 57 of Count II of the Plaintiff's Complaint.

58. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 102/12(a).

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 58 of Count II of the Plaintiff's Complaint.

59. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) in individual work weeks.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 59 of Count II of the Plaintiff's Complaint.

60. Defendants failed to compensation Plaintiff overtime wages for hours worked in excess of forty (40) in individual work weeks.

**ANSWER:** This Defendant admits the Plaintiff was not paid overtime compensation for all hours worked in excess of 40 hours per workweek. Further answering, this Defendant denies each and every remaining allegation contained in paragraph 60 of Count II of the Plaintiff's Complaint.

61. Defendants violated the Illinois Wage Law by not compensating Plaintiff overtimes wages for hours worked in excess of forty (40) in individual work weeks.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 61 of Count II of the Plaintiff's Complaint.

62. Defendants willfully violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per week.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 62 of Count II of the Plaintiff's Complaint.

63. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for at least three years prior to filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

**ANSWER:** This Defendant denies each and every allegation contained in paragraph 63 of Count II of the Plaintiff's Complaint.

WHEREFORE, Defendant, LUKE S. KAHNG, denies that the Plaintiff is entitled to judgment against him for any amount of money whatsoever and prays for judgment in his favor and against the Plaintiff, JOON YOUNG CHUL KIM, plus costs of suit.

**LUKE S. KAHNG DEMANDS A TRIAL BY JURY.**

**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, LUKE S. KAHNG, by and through his attorneys, KEVIN W. DOHERTY, BRIAN T. GINLEY, and DOHERTY & PROGAR LLC, and for his Affirmative Defenses to Plaintiff's Complaint, states as follows:

**AFFIRMATIVE DEFENSE NO. 1**

1. This Defendant acted in good faith and had reasonable grounds for believing Defendant, CAPITAL DENTAL TECHNOLOGY LABORATORY, INC., d/b/a LSK 121 acted properly in its pay practices with respect to the Plaintiff and/or other potential class members.

**AFFIRMATIVE DEFENSE NO. 2**

2. The Plaintiff's claims and those of potential class members he seeks to represent are barred to the extent they claim hours worked that they had an opportunity to report but failed to do so.

**AFFIRMATIVE DEFENSE NO. 3**

3. The Plaintiff's claims and those of potential class members are barred, in whole or in part, by statutory exclusions, exceptions, set-offs, or credits under the Fair Labor Standards.

**AFFIRMATIVE DEFENSE NO. 4**

4. The Plaintiff's claims and those of potential class members are barred to the extent they are exempt from overtime under the Fair Labor Standards Act and the Illinois Minimum Wage Law because they were properly classified as exempt within the meaning of the applicable states and federal laws, regulations and/or wage orders.

**AFFIRMATIVE DEFENSE NO. 5**

5. The Plaintiff's claims and those of potential class members are barred against this Defendant under the Illinois Minimum Wage Law because there is no individual liability.

WHEREFORE, Defendant, LUKE S. KAHNG, prays the Court to enter judgment in his favor on each and every of his Affirmative Defenses against the Plaintiff, JOON YOUNG CHUL KIM.

Respectfully submitted,

LUKE S. KAHNG

By: /s/ Kevin W. Doherty
Kevin W. Doherty
One of his Attorneys

Kevin W. Doherty (ARDC # 3128844)
Brian T. Ginley (ARDC No.#: 6281463)
DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, IL 60606
(312) 630-9630 (312) 630-9001 Fax
*kwd@doherty-progar.com*
*btg@doherty-progar.com*

**CERTIFICATE OF SERVICE**

I hereby certify that on **August 29, 2014**, I electronically filed with the Clerk of Court **Defendant, Luke S. Kahng's Answer and Affirmative Defenses to Plaintiff's Complaint**, by using the CM/ECF system which will send notification of such filing to the following:

Ryan J. Kim, Esq.
Inseed Law, P.C.
2454 East Dempster Street, Suite 301
Des Plaines, IL 60016
(847) 905-6262
E-mail: ryan@inseedlaw.com
***Attorney for Plaintiff***

/s/ Kevin W. Doherty

Kevin W. Doherty (ARDC No.: 3128844)
Brian T. Ginley (ARDC No.: 6281463)
DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, IL 60606
(312) 630-9630
(312) 630-9001 (fax)
*kwd@doherty-progar.com*
*btg@doherty-progar.com*