IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOON YOUNG CHUL KIM and KEE JUNE KIM on behalf of themselves and all other Plaintiffs similarly situated known and unknown, | ) ) ) ) |
| Plaintiffs, | ) Case No. 14-cv-05014 ) |
| v. | ) Honorable Elaine E. Bucklo |
| CAPITAL DENTAL TECHNOLOGY LABORATORY, INC. D/B/A LSK 121 AND LUKE S. KAHNG | ) ) Magistrate Judge Susan E. Cox ) |
| Defendants. | ) ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs, by and through their undersigned attorney, hereby submit their Memorandum of Law in opposition of defendants' Motion for Partial Summary Judgment.

## I. INTRODUCTION

Defendants make three arguments in their partial summary judgment motion. First, they declare that some of plaintiffs' claims are barred by the statute of limitations. Second, defendants argue that half-time multiplier applies to compute damages for overtime wage. Lastly, they claim that executive exemption applies to certain plaintiffs. As Plaintiffs' memorandum will demonstrate below, defendants failed to establish that there is no genuine issue to any material fact, and viewing all evidence in the light most favorable to the nonmoving party, defendants' partial summary judgment motion fails and must be denied.

## II. ARGUMENT

**A. Defendants Failed to Prove the Required Labor Poster was Posted and therefore Statute of Limitation Was Tolled Until October 28, 2013.**

1

Defendants in their Memorandum of Law in support of their Motion for partial summary judgment argues that "as there is no genuine dispute of material fact as to when Plaintiffs June Kim, Cho and Djurickovic filed their notices of consent, Defendants should be entitled to judgment as a matter of law as to all claims asserted by these Plaintiffs that go beyond three years from the date that they filed their notices of consent to become party plaintiff." (R. 96 Pg. 6). While plaintiffs do not dispute the date each plaintiff joined this lawsuit, they maintain that defendants failed to post and keep posted the required FLSA rights poster as required by 29 C.F.R. § 516.4. See Exhibit F through J.

As various courts have ruled, including multiple decisions from the Northern District of Illinois, such failure operate as tolling of statute of limitations. Much like the defendants in this case, the defendants in Chavez v. Don Stoltzner Mason Contractor, Inc., argued that "Plaintiffs' FLSA claim is barred, or at least limited, by the applicable statute of limitations." Chavez v. Don Stoltzner Mason Contractor, Inc., No. 10 C 264, 2010 U.S. Dist. LEXIS 33289, at *16-17 (N.D. Ill. Apr. 5, 2010)

The Chavez Court ruled that:

> Defendants state that part or all of Plaintiffs' FLSA claim is barred as accruing outside the limitations period. While Plaintiffs appear to concede this point, they argue that the statute of limitations should be tolled because Defendants failed to post notice of their FLSA rights, as is required by 29 C.F.R. § 516.4. (Resp. [*17] at 8.) This tolling theory has been endorsed by at least two colleagues in this district, and we adopt it here. See Cisneros v. Jinny Beauty Supply Co., Inc., No. 03 C 1453, 2004 U.S. Dist. LEXIS 2094, 2004 WL 524482, at *1 (N.D. Ill. Feb. 6, 2004); Cortez v. Medina's Landscaping, No. 00 C 6320, 2002 U.S. Dist. LEXIS 18831, 2002 WL 31175471, at *1-6 (N.D. Ill. Sept. 30, 2002) (weighing competing authority from other circuits and adopting the Bonham rule from the Third Circuit). *Because Plaintiffs have alleged that Defendants failed to post notice as required by 29 C.F.R. § 516.4, (Compl. P 26(D)), and at this time Defendants have made no showing of when Plaintiffs acquired general knowledge of these rights, Defendants' statute of limitations argument fails. Id. at 16-17. (*Emphasis supplied)

2

After the Chavez opinion came out, the Fourth Circuit Court of Appeals in Cruz v. Maypa stated that:

> The notice requirements in the Age Discrimination in Employment Act (ADEA) and the Fair Labor Standards Act (FLSA) are almost identical. 29 C.F.R. § 1627.10 requires employers to post and keep posted in conspicuous places the notice pertaining to the applicability of the ADEA; 29 C.F.R. § 516.4 requires employers to post and keep posted a notice explaining the FLSA in conspicuous places. The purpose of these requirements is to ensure that those protected under the Acts are aware of and able to assert their rights. Although Vance v. Whirlpool Corp. tolled an administrative filing deadline rather than a statute of limitations, the FLSA lacks an equivalent administrative filing requirement; thus, the FLSA's deadline to sue is, like the ADEA's administrative filing deadline, the critical juncture at which a claimant's rights are preserved or lost. Neither the ADEA nor the FLSA inflicts statutory penalties for failure to comply with the notice requirements. Therefore, absent a tolling rule, employers would have no incentive to post notice since they could hide the fact of their violations from employees until any relevant claims expired. For all of these reasons, the analysis in Vance applies with equal force to the notice requirement of the FLSA. Under Vance, tolling based on lack of notice continues until the claimant retains an attorney or obtains actual knowledge of her rights.
> <u>Cruz v. Maypa, 773 F.3d 138, 141 (4th Cir. 2014)</u>

As was the case in Chavez v. Don Stoltzner Mason Contractor, Inc., Plaintiffs in each of their declaration stated that defendants failed to post the required notice. See Exhibit F through J. Defendants in this matter failed to make any showing of when Plaintiffs acquired general knowledge of these rights. Therefore, Defendants' statute of limitations argument fails as did in Chavez.

### B. Regarding Application of The Fluctuating Workweek ("FWW") Method

Defendants' second argument is that instead of using "one-and-one-half time multiplier" for awarding overtime hours for misclassified employees, "fluctuating workweek ("FWW") method" should be used. (R. 96 Pg. 6)

Defendants further claim that "all of the Plaintiffs understood that their salary was fixed and intended to cover all hours worked." (R. 96 pg. 8).

The Code of Federal regulation and case laws specify the following requirements before an employer may apply the fluctuating workweek ("FWW") method. It must be noted that all four of the following conditions must be satisfied:

> (1) the employee's hours must fluctuate from week to week;
>
> (2) the employee must receive a fixed salary that does not vary with the number of hours worked during the week (excluding overtime premiums);
>
> (3) the fixed amount must be sufficient to provide compensation every week at a regular rate that is at least equal to the minimum wage; and
>
> (4) the employer and employee must share a "clear mutual understanding" that the employer will pay that fixed salary regardless of the number of hours worked.

29 C.F.R. § 778.114(a), (c); O'Brien v. Town of Agawam, 350 F.3d 279, 288 (1st Cir. 2003).

While Plaintiffs do not dispute that their hours fluctuated from week to week and the amount of pay they received was sufficient to "provide compensation every week at a regular rate that is at least equal to the minimum wage," they disagree that 1) they received a fixed salary or that 2) the wage they received did not vary with the number of hours worked during the week. Further, Plaintiff maintain that there was no "clear mutual understanding that the employer will pay that fixed salary regardless of the number of hours worked." The Court in Urnikis-Negro v. Am. Family Prop. Servs., stated the following:

> Section 7(a)(1) of the Fair Labor Standards Act of 1938, 29 U.S.C.S. § 201 et seq., sets the maximum regular workweek at 40 hours and entitles a nonexempt employee to overtime pay for any hours beyond that number: no employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed. 29 U.S.C.S. § 207(a)(1).
>
> *The employee's regular rate of pay is thus the keystone of § 7(a). On that depends the amount of overtime payments which are necessary to effectuate the statutory purposes. The proper determination of that rate is therefore of prime importance.* Urnikis-Negro v. Am. Family Prop. Servs., 616 F.3d 665, 665 (7th Cir. 2010) (Emphasis supplied).

4

Unlike the plaintiff in Urnikis-Negro case, all plaintiffs in this case has hourly rate of pay specified by their employer-defendant in their paystub. See Exhibits A to E. Therefore, using FWW is inappropriate since it would not reconcile with the specified hourly rate in plaintiffs' pay records. In addition, one of the four conditions to apply FWW method is that the employee must receive a fixed salary that does not vary with the number of hours worked during the week (excluding overtime premiums).

As all of plaintiffs' pay stub issued by defendant establish, plaintiffs did not receive a fixed salary that does not vary with the number of hours worked during the week. Instead, when an employee worked more than 40 hours in one workweek, the employee was paid the same fixed amount regardless of how many hours he or she actually worked. However, when the same employee worked less than 40 hours a workweek, the employee was paid less than his/her regular amount. Each Plaintiff's paystub will be analyzed below.

Min Jung Ko

In the Exhibit A bate stamped LSA 1457 is a paystub of plaintiff Ko. The pay period covers from March 23, 2014 to April 5, 2014 exactly 14 day period. For that period, she received $1923.08. Bates number stamped LSA 1458 shows that pay period covering April 6, 2014 through April 19,014, again exactly 14 day period, Plaintiff Ko received different and less amount of $1538.46. The reason for the less pay was because it included 16 hours of no pay at the rate of $24.0385. See 2nd page of Exhibit A (LSK001458).

LSK001459 contains another example of defendant paying different amount. For this pay period which covers April 20, 2014 through May 3, 2014, Plaintiff Ko was paid $1,730.77. During this pay period, Ms. Ko was not paid 8 hours of time and hence the less amount than LSK1457.

Cristian Djurickovic

Group Exhibit B is pay stubs of plaintiff Djurickovic. On LSK000799 is his pay stub covering pay period of August 26, 2012 to September 8, 2012. For this 14 day period, Mr. Djurickovic received $1,730.77. However, on LSK000809, the paystub shows him receiving $1,298.08. While the paystub shows that Mr. Djurickovic received 8 hours of holiday pay at the rate of $21.63, it also shows that he received no pay for 12 hours. These paystubs clearly demonstrate that plaintiffs were paid different amounts for different pay periods. They also show that if plaintiffs worked less hours, then they were paid less amount.

Joon Y. Kim

Exhibit C bate stamped page LSK004 shows that plaintiff Joon Kim was paid $1,600 for the pay period covering May 6, 2012 to May 19, 2012. However, the very next paystub, bate stamped page LSK005 shows that the following pay period he was paid $1,440 due to unpaid holiday 8 hours. LSK0022 shows that plaintiff Joon Kim receiving $1,280 because he received regular earnings of $1,280 and holiday pay of $160 at the rate of $20 but no pay of 8 hours. LSK0027 shows Mr. Joon Kim receiving $1,600 for two week pay period between March 10, 2013 and March 23, 2013. The following pay period, he received a different amount ($1,280) than the previous period, because it included 8 hours of no pay.

Kee June Kim

Group Exhibit D is plaintiff Kee June Kim's pay stubs. LSK00110 shows Mr. June Kim earning $2,076.93 of regular pay and $230.77 of vacation pay at the rate of $28.8462. The total earning for this pay period was $2,307.70. The next pay period (LSK111) his earning is less ($2,192.32) because he received no pay of 4 hours. LSK112 shows Mr. June Kim receiving still different and smaller amount. For this pay period, he received total

earnings of $2,076.93. The pay stub shows that his hourly rate ($28.8462) is the same as before but there was no pay of 8 hours.

Marc Jaehyung Cho

Plaintiff Cho's case is even more open and shut. Group Exhibit E bate stamped page LSK0386 shows that Mr. Cho making $1,912.38 for this pay period. It shows that Mr. Cho's regular rate was $24.04 and he worked 79.55 hours. When you multiply his rate ($24.04) by the number of hours worked (79.55) it matches the amount he was paid ($1,912.38). LSK0384 shows Mr. Cho's regular rate ($24.04) and his overtime rate ($36.06). It further shows that he worked 80.9 hours and received $1,953.86. Defendants' own pay stubs so clearly shows the fact that Mr. Cho receiving different amount when his hours worked changed. It is truly puzzling how defendants maintain that FWW method should apply since plaintiffs were so easily able to prove plaintiffs receiving different amounts of wage whenever they worked different hours.

As stated above, because one of the conditions to apply FWW method is that the employee must receive a fixed salary that does not vary with the number of hours worked during the week (excluding overtime premiums) and the paystubs produced by defendants clearly shows that each plaintiff receiving different amount of wage depending on number of hours worked during the week, Defendants' argument that FWW must apply in this matter fails. Equally important, the same exhibits also show each plaintiff's hourly rate. When there's specified hourly rate of pay, there is no reason to use FWW method of calculating overtime pay. FWW method is only used to calculate overtime pay when there is no hourly rate of pay.

C. The Issue of Executive Exemption

Defendants lastly argue that two of the Plaintiffs (June Kim and Cristian Djurickovic) were managers/supervisors and the executive exemption applied to them. Regarding the executive exemption, the United States Supreme Court in *Arnold v. Ben Kanowsky Inc.,* provides the following rules:

> The overtime regulations of the Fair Labor Standards Act, 29 U.S.C.S. § 201 et seq., require employers to compensate an employee who works more than 40 hours per week at a rate not less than one and one-half times the regular rate at which he is employed. 29 U.S.C.S. § 207(a). Such "time and a half" compensation requirement does not apply, however, to any employee in a bona fide executive, administrative, or professional capacity. 29 U.S.C.S. § 213(a)(1). In claiming the "bona fide executive" exemption as an affirmative defense, an employer bears the burden of establishing that the employee in question is properly classified under such exception. Such exemptions are narrowly construed by the courts and are applied only where it "plainly and unmistakably comes within the statute's terms and spirit" to deny the employee overtime.
> <u>Arnold v. Ben Kanowsky Inc.,</u> 361 U.S. 388, 390, 4 L. Ed. 2d 393, 80 S. Ct. 453(1960).

The Seventh Circuit in Jackson v. Go-Tane Servs., also provides the following guidance regarding the executive exemption:

> Under the Fair Labor Standards Act, 29 U.S.C.S. § 201 et seq., an employer may demonstrate that the "executive" exemption applies by satisfying either a six-part test (long test) specified in 29 C.F.R. § 541.1, or a three-part test (short test) detailed in 29 C.F.R. § 541.1(f). Where it is undisputed that the employee in question earns more than $ 250 per week, the short test applies. § 541.1(f) . Under the short test, the employer must prove that (1) the plaintiff is paid on a salary basis, (2) the plaintiff's primary duty consists of the management of the employer's enterprise, and (3) the plaintiff's job duties require him to customarily and regularly direct the work of two or more other full-time employees. <u>Jackson v. Go-Tane Servs.,</u> 56 F. App'x 267, 267 (7th Cir. 2003)

As Plaintiffs demonstrated above, none of the Plaintiffs received fixed salary. Instead, each Plaintiffs were paid by the hour. When Plaintiff worked less than 40 hours a workweek, he or she received less than the regular payment amount. Each of plaintiff's paystub also has hourly rate specified in the document. Because Plaintiffs were not paid on salary basis, defendants fail

8

to pass the first requirement of the short test that Mr. June Kim or Mr. Djurickovic were exempt employee.

Plaintiffs' understanding that they were hourly employees is further demonstrated in the following deposition exchange between defendants' counsel and Plaintiff.

16 Q. When you first started working at LSK 121
17 in 2003, were you paid by hourly or salary?
18 **A. Hourly.**
19 Q. When you last worked for LSK 121, were you
20 salaried or hourly?
21 **A. Hourly.**
22 Q. And what was your hourly rate at the last
23 day that you were working there?
24 A. A little more than $29.

Q. When you first started working at LSK 121
2 in 2003, what was your hourly rate?
3 **A. $7.**
4 Q. So it's your testimony here today that,
5 when you -- when you were -- during the last day
6 that you were working at LSK 121 and, in fact,
7 throughout the entire 11-year period, you were
8 always paid on an hourly basis?
9 **A. Yes.**
10 Q. And at no point in your employment with LSK
11 121, were you ever a salaried employee? Is that
12 your testimony today?
13 A. Correct.

(R. 97-2 Pg. 18-19 Kee June Kim transcript)

Again, June Kim's testimony is backed by his pay stubs which contain his hourly rate. The existence of hourly rate indicate that he could not have been an exempt employee since to be exempt employee, the employee must have been paid a salary. And the same is true for Plaintiff Djurickovic.

Additionally, the short test for the executive exemption under the Fair Labor Standards Act, 29 U.S.C.S. §§201-219, also requires that an employee's "primary duty" consist of the

management of the enterprise in which he or she is employed or a customarily recognized subdivision thereof. In addition, the executive employee's work must include the customary and regular direction of the work of two or more employees. 29 C.F.R. § 541.1(f)

The Court in Dalheim v. KDFW-TV, ruled that:

> 29 C.F.R. § 541.103 of the interpretations of § 13(a)(1) of the Fair Labor Standards Act, 29 U.S.C.S. §§ 201-219, defines "primary duty" with respect to all three exemptions for professional, administrative and executive employees. It provides that, while in the ordinary case it may be taken as a good rule of thumb that primary duty means the major part, or over 50 percent, of the employee's time, time alone is not the sole test. 29 C.F.R. §541.103. Exempt work may be an employee's primary duty even though such work occupies less than half her time if the other pertinent factors support such a conclusion. § 541.103. Precisely what those factors are depends upon which exemption is being claimed, but for each the essence of the test is to determine the employee's chief or principal duty. At least under the short tests, the employee's primary duty will usually be what she does that is of principal value to the employer, not the collateral tasks that she may also perform, even if they consume more than half her time.
> Dalheim v. KDFW-TV, 918 F.2d 1220, 1223 (5th Cir. 1990)

While defendants attempt to classify June Kim and Djurickovic as "manager," courts have ruled that "Job title alone does not establish the exempt status of an employee." DeWalt v. Greencroft Goshen, Inc. 902 F. Supp. 2d 1127. The DeWalt Court goes on and explains that "to determine whether an…exemption exists for a particular employee, the court must conduct a 'thorough, fact-intensive analysis of the employee's employment duties and responsibilities.' Schaefer-Larose v. Eli Lilly & Co., 679 F.3d 560, 572 (7th Cir. 2012) (citing Roe-Midgett, 512 F.3d at 870); see also 29 C.F.R. § 541.2 (explaining that the salary and duties of the particular employee must meet the exemption requirements). A 'primary duty' is 'the principal, main, major or most important duty that the employee performs.' 29 C.F.R. § 541.700(a). It can be useful to assess the amount of time an employee spends on exempt tasks when determining an employee's primary duties. Id. at § 541.700(b). However, the [d]etermination of an employee's primary

duty must be based on all the facts in a particular case, with major emphasis on the character of employee's job as a whole. Factors to consider when determining the primary duty of an employee include, but are not limited to, the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee. Id. at 1127.

Defendants have failed to even allege how much time Mr. Kim or Mr. Djurickovic each spent on doing managerial task to be considered as exempt. Since it requires for this Court to "conduct a 'thorough, fact-intensive analysis of the employee's employment duties and responsibilities" and defendants' allegation contained in their summary judgment motion falls far short of providing the Court with any such undisputable fact, defendants' argument must fail and this Court must deny defendants' partial summary judgment motion.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that Defendants' Motion for Partial Summary Judgment be denied in its entirety.

Joon Young Chul Kim, et. al.
By: /s/ Ryan Kim

Ryan J. Kim
INSEED LAW, P.C.
2454 E. Dempster Street, Suite 301
Des Plaines, Illinois 60016
847)905-6262

**CERTIFICATE OF SERVICE**

I certify that on August 7, 2017, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of Illinois by using the CM/ECF system, which will send a notice of electronic filing to the following attorneys of record:

Peter C. Kim
LITCHFIELD CAVO LLP
303 W. Madison Street, Suite 300
Chicago, Illinois 60606
(312) 781-6601
kimp@litchfieldcavo.com

/s/ Ryan J. Kim
Ryan J. Kim
INSEED LAW, P.C.
2454 E. Dempster St., Suite 301
Des Plaines, Illinois 60016
ryan@inseedlaw.com