IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOON YOUNG CHUL KIM and KEE JUNE KIM on behalf of themselves and all other Plaintiffs similarly situated known and unknown, | ) ) ) ) ) Case No. 14-cv-05014 |
| Plaintiffs, | ) |
| v. | ) Honorable Elaine E. Bucklo |
| CAPITAL DENTAL TECHNOLOGY LABORATORY, INC. D/B/A LSK 121 AND LUKE S. KAHNG | ) ) Magistrate Judge Susan E. Cox ) |
| Defendants. | ) ) |

**PLAINTIFFS' LOCAL RULE 56.1(B)(3) RESPONSE
TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS AND
LOCAL RULE 56.1(B)(3)(C) STATEMENT OF ADDITIONAL FACTS
REQUIRING THE DENIAL OF DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT**

Plaintiffs by their counsel, Ryan Kim of Inseed Law, P.C. hereby submit, pursuant to Local Rule 56.1(B)(3), their Response to defendants' Statement of Material Facts in Support of Defendants' Motion for Partial Summary Judgment.

**PRELIMINARY STATEMENT**

The purpose of Local Rule 56.1 statements is to identify the relevant admissible evidence supporting the material facts, not to make factual or legal arguments. See Cady v. Sheahan, 467 F.3d 1057, 1060 (7th Cir. 2006) ("statement of material facts did [ ] not comply with Rule 56.1 as it failed to adequately cite the record and was filled with irrelevant information, legal arguments, and conjecture"); see also Phillips v. Quality Terminal Servs., LLC., 855 F. Supp. 2d 764, 771 (N.D. Ill. 2012) ("Opinion, suggested inferences, legal

arguments, and conclusions are not the proper subject matter of a [Local Rule 56.1] statement. Including legal arguments . . . is wholly improper, redundant, unpersuasive and irksome; in short, it advances neither the interests of the parties nor of th[e] court.") (citations omitted). In assessing a motion for summary judgment, a court may only consider admissible evidence. Gunville v. Walker, 583 F.3d 979, 985 (7th Cir. 2009) (citation omitted). This means that testimony used in support of a motion for summary judgment must be based on personal knowledge, see, e.g., Joseph P. Caulfield & Assocs., Inc. v. Litho Prods., Inc., 155 F.3d 883, 888 (7th Cir. 1998) (testimony "that was necessarily speculative and lacking in foundation" is "insufficient" at summary judgment), and hearsay statements made during a deposition do not constitute adequate evidentiary support for a factual proposition, see Eisenstadt v. Centel Corp., 113 F.3d 738, 742 (7th Cir. 1997) ("hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial . . . except that affidavits and depositions . . . are admissible in summary judgment proceedings to establish the truth of what is attested or deposed") (citations omitted). Many of Defendants' purported facts fly in the face of the clear mandate of Local Rule 56.1 and lack support in admissible evidence. As the Court disfavors motions to strike, Plaintiffs address their objections to the admissibility or effect of Plaintiffs' evidence in its responses below.

## Response

### Joon Young Chul Kim

1. Plaintiff Joon Young Chul Kim ("Young Chul Kim") was employed at LSK121 as a "Shade Tab Supervisor and Ceramist." (Ex. 1, Dfts.' Ans to Pls.' 1st Set of Interrog. at No. 2.)

**Response**: Plaintiff does not dispute that he was employed at LSK 121 as a ceramist but plaintiff objects to the assertion that he was a Shade tab supervisor.

2. Young Chul Kim was employed at LSK121 from April 3, 2012, until April 17, 2014. (ECF Doc. 16, Pls.' 1st Am. Compl. at ¶ 7.)

**Response**: Undisputed.

3. Young Chul Kim's salary started at $1,600 every two weeks ($41,600 per year), then increased to $1,648 every two weeks ($42,848 per year) on June 16, 2013, and then to $1,686.47 every two weeks ($43,848 per year) on February 9, 2014. (Ex. 2, Dep. Tr. of Young Chul Kim, at 17:13-18:7 & Ex. 2, Paystubs.)

**Response**: Plaintiff does not dispute the fact that his salary started at $1,600 every two weeks but plaintiff does object to the extent it suggests that plaintiff continued to receive the same $1,600 every two weeks without deductions for vacation, personal days, sick days and/or other absences.

4. Young Chul Kim's work hours were not set by LSK121. (Ex. 2, Dep. Tr. Of Young Chul Kim, at 38:3-38:7.)

**Response**: Plaintiff objects to the assertion that his hours were not set by LSK121. Defendants referred Transcript of Plaintiff's Deposition (Dkt 97-2 Ex. 2 Dep. Tr. Of Young Chul Kim, at 38:3-38:7) but this transcript portion does not support Defendants' assertion and Defendants failed to support their assertion.

```
Deposition of Joon Young Chul Kim
Page 38

3. correct?
4.    A    Yes.
5.    Q    Okay. When I asked you earlier what a typical
6     day at LSK was like and whether or not you would go
7 straight to your work upon arrival, you didn't mention
```

5. Young Chul Kim did not complain to anyone at LSK121 that he was not making over time nor tried to negotiate more pay. (Ex. 2, Dep. Tr. of Young Chul Kim, at 61:2-61:7.)

**Response: Plaintiff objects to Defendants' assertion, Defendants' reference does not support anything on Defendants assertion but says that Plaintiff didn't complain about the money.**

```
Deposition of Joon Young Chul Kim
Page 61

2.   Q    Let me rephrase, if that's possible
3.        Did you ever complain to anybody at LSK that
4. you were not being paid overtime and you should have
5. been?
6        A    I did share to others that I am working a lot
7 of hours, but I have not mentioned about money.
```

## II. Marc Jaehyung Cho

6. Plaintiff Marc Jaehyung Cho ("Cho") was employed at LSK121 as a "Wax-Metal Technician." (Ex. 3, Dep. Tr. of Cho, at 9:1-9:10.)

**Response: Undisputed.**

7. Cho was employed at LSK121 from on or about August 6, 2007, until May 8, 2015. (Ex. 4, Cho's Ans. to Dfts.' Interrog. at No. 13.)

**Response: Undisputed.**

8. Cho filed his notice of consent to become party plaintiff on June 11, 2015. (ECF Doc. 37-1, Cho's Notice of Consent to Become Party Plaintiff.)

**Response: Undisputed.**

9. As of June 11, 2012, Cho's salary started at $1,615.38 every two weeks ($42,000 per year). On June 2, 2013, he received a raise to $1,663.86 every two weeks ($43,260 per year) and another raise on November 17, 2013, to $1,730.76 every two weeks ($45,000 per year). On February 9, 2014, he received yet another raise to $1,923.08 every two weeks ($50,000 per year). (Ex. 3, Dep. Tr. of Cho, at 47:2-20 & Ex. 2, Paystubs.)

**Response: Plaintiff does not dispute the fact that his salary started at $1,615.38 every two weeks as of June 11, 2012, but plaintiff objects to the extent it suggests that plaintiff continued to receive the same $1,615.38 every two weeks without deductions for vacation, personal days, sick days and/or other absences.**

### III. Michelle Minjung Ko

10. Plaintiff Michelle Minjung Ko ("Ko") was employed at LSK121 as a "Ceramist." (Ex. 5, Dep. Tr. of Ko at 22:10-22:11.)

**Response: Undisputed.**

11. Ko was employed at LSK121 from on or about February 3, 2014 until September 26, 2014. (Ex. 5, Dep. Tr. of Ko at 64:11-21 & Ex 5, No. 13.)

**Response: Undisputed.**

12. Ko's salary started at $1,846.16 every two weeks ($48,000 per year), then increased to $1,923.08 every two weeks ($50,000 per year) on March 1, 2014, and then to $2,000 every two weeks ($52,000 per year) on June 7, 2014. (Ex. 5, Dep. Tr. of Ko at 58:21-60:25 & Ex. 4, Ko's Paystubs.)

**Response: Plaintiff does not dispute the fact that her salary started at $1,846.16 every two weeks, but plaintiff objects the paragraph to the extent it suggests that plaintiff continued to receive the same $1,846.16 every two weeks without deductions for vacation, personal days, sick days and/or other absences.**

### IV. June Kim

13. Plaintiff Kee June Kim ("June Kim") was employed at LSK121 as a "Wax-Metal Department Supervisor." (Ex. 1, Dfts.' Ans to Pls.' 1st Set of Interrog. at No. 2.)

**Response: Plaintiff objects that Plaintiff was employed as "Wax-Metal Department Supervisor." Plaintiff started his work at LSK as a beginner when he was hired on July 7, 2003.**

14. June Kim was employed at LSK121 from on or about July 7, 2003, until January 31, 2014. (Ex. 6, Dep. Tr. of June Kim, at 82:23-83:9 & Ex. 16, No. 4.)

**Response: Undisputed.**

15. June Kim's salary started at $1,153.85 every two weeks ($60,000 per year), then increased to $2,400 every two weeks ($62,400 per year) on April 7, 2013. (Ex. 6, Dep. Tr. Of June Kim, at Ex. 16, No. 4.)

**Response: Plaintiff objects Defendants' assertion that his salary started at $1,153.85 every two weeks. When Plaintiff was first hired by LSK, he was not paid any money during his first three months. After 3 months, his hourly rate was set at $7.00 an hour. Plaintiff does not dispute the fact that his salary was increased to $2,400 every two week on April 7, 2013, but plaintiff objects to the extent it suggests that plaintiff continued to receive the same $2,400 every two weeks without deductions for vacation, personal days, sick days and/or other absences.**

16. The Job Description for June Kim's position of Wax-Metal Supervisor states,

"This job as supervisory responsibilities over four to five or more Wax and Metal

fabrication workers." (Ex. 6, Dep. Tr. of June Kim, at Ex. 14.)

**Response: Plaintiff objects Defendants' assertion that Plaintiff's position was Wax-Metal Supervisor. Plaintiff does not dispute that this description is explaining about the role of Supervisor, but Plaintiff objects that it is for June Kim's position.**

17. On March 26, 2015, Plaintiff Cho and Eun Jung Bae signed a statement that

stated the following:

- Kee Jun Kim, AKA Chris Kim, worked for LSK121 Oral Prosthetics in the Wax/Metal Department in a supervisory capacity.

- His duties included surveying the work received from dentists and then distributing it each day to five technicians – including Grace Bae, Eun Jung, Marc Cho, Andy Hwang, Audrey Kim and Sukgeun Kwak.

- He was fully responsible for helping other departments when a problem arose with Max/Metal work

(Ex. 7, at LSK631-62.)

**Response: Plaintiff does not dispute that Plaintiff Cho and Eun Jung Bae made these statements, but Plaintiff objects to it as argumentative, and lacking a foundation, and asserting a legal conclusion. See, e.g., Joseph P. Caulfield & Assocs., Inc., 155 F.3d at 888 (testimony "that was necessarily speculative and lacking in foundation" is insufficient at summary judgment).**

18. June Kim approved at least 40 Vacation/Personal Leave Requests from 2009

to 2014 as the "Supervisor" of five subordinate employees, including Plaintiff Cho, Eun

Jung Bae, Tae Hyun Hwang, Audry Eunhee Kim and Seok Keun Kwak. (Ex. 6, Dep.

Tr. of June Kim, at Exs. 5, 6, 10, 12, 13.)

**Response: Plaintiff objects that he approved other employees' vacation requests. Plaintiff further objects that he approved vacation reqeusts as the "Supervisor" of five subordinate employees, including Plaintiff Cho, Eun Jung Bae, Tae Hyun Hwang, Audry Eunhee Kim and Seok Keun Kwak.**

19. June Kim, as a supervisor, participated in conducting performance reviews of three subordinate employees, Plaintiff Cho, Eun Jung Bae and Audry Eunhee Kim, from 2009 and 2010. (Ex. 6, Dep. Tr. of June Kim, at Exs. 7, 8, 9, 11.)

**Response: Plaintiff does not dispute that he participated in conducting performance reviews of three employees, Plaintiff Cho, Eun Jung Bae and Audry Eunhee Kim, from 2009 and 2010. But Plaintiff objects that they were subordinate employees and he participated in conducting performance review as a supervisor.**

20. June Kim filed his notice of consent to become party plaintiff on October 10, 2014. (ECF Doc. 16, June Kim's Notice of Consent to Become Party Plaintiff.)

**Response: Undisputed.**

## V. Christian Djurickovic

21. Plaintiff Christian Djurickovic ("Djurickovic") was employed at LSK121 as a "CAD/CAM, Composite Manager." (Ex. 8, Djurickovic's Application of Employment, produced in Capital Dental v. Power Dental, Case No. 2016 L 184, Circuit Court of the Eighteenth Judicial Circuit.)

**Response: Plaintiff objects Defendants' assertion that he was employed at LSK121 as CAD/CAM, Composite Manager. He was employed as CAD/CAM composite technician.**

22. Djurickovic was employed at LSK121 from January, 2012 until September, 2013. (ECF Doc. 37-1, Djurickovic's Notice of Consent to Become Party Plaintiff.)

**Response: Undisputed.**

23. Djurickovic filed his notice of consent to become party plaintiff on June 11, 2015. (ECF Doc. 37-1, Djurickovic's Notice of Consent to Become Party Plaintiff.)

**Response: Undisputed.**

24. Djurickovic's salary started at $1,730.76 every two weeks ($45,000 per year), then increased to $2,038.46 every two weeks ($53,000 per year) on January 19, 2013. (Ex. 9, Dep. Tr. of Djurickovic, at 81:15-82:24 & Ex. 4.)

**Response: Plaintiff does not dispute the fact that her salary started at $1,730.76 every two weeks, but plaintiff objects to the extent it suggests that plaintiff continued to receive the same $1,730.76 every two weeks without deductions for vacation, personal days, sick days and/or other absences.**

25. Djurickovic was the most senior employee performing computer-aided design ("CAD") work at LSK121. (Ex. 9, Dep. Tr. of Djurickovic, 50:11-50:15.)

**Response: Undisputed.**

26. Djurickovic was responsible for the work product that came out of LSK121's CAD department. (Ex. 9, Dep. Tr. of Djurickovic, 57:9-57:14.).

**Response: Plaintiff disputes this paragraph that he was responsible for the work product came out of CAD department. Plaintiff further objects the paragraph to the extent that it makes legal arguments and suggests this sentence to the extent it suggests Djurickovic was responsible for the whole department. Plaintiff was tried to be responsible for the work on his own because he was the most senior who is only experienced in the department. Defendants' reference does not suffice on supporting their assertion.**

```
Deposition of Cristian Djurickovic

Page 57
 9     Q.   Products that came out are -- or I should
10  say design, but you know what I mean by product.
11  Product and design that came out of the CAD
12  software, were you ultimately responsible for that
13  work product?
14     A.   I took it upon myself to be responsible.
```

27. During his employment at LSK121, Djurickovic worked with three other subordinate employees. Djurickovic was tasked with correcting their mistakes, answering their questions and giving them advice on how to perform their work. (Ex. 9, Dep. Tr. of Djurickovic, 56:11-56:24.)

**Response: Plaintiff objects the first sentence that he worked with three other subordinate employees. He worked with three other employees but they were not subordinate employees of Plaintiff. On the second sentence, Plaintiff does not dispute the part that he was correcting other employees' mistakes, answering their questions as the most experienced co-worker. But Plaintiff objects that he was tasked with those works. Plaintiff further objects this paragraph to the extent it suggests Djurickovic was responsible to supervise or manage other employees. Defendants referred some portion of Plaintiff's deposition transcript (Ex. 9, Dep. Tr. of Djurickovic, 56:11-56:24). This reference does not**

**support anything on their assertions but supports that Plaintiff was not in charge of other employees.**

```
Deposition of Cristian Djurickovic

Page 56
11         Q.   So from the way you're describing, were
12 you in charge of these three, Tyler, Tommy and
13 Alexandra?
14   A.    I wish I was. I wish I could have had
15 some power over them. Just to make my life easier
16 because I was always just correcting their work.
17 I had to fix everything. Constantly bombarded
18 with questions. It was just -- it was
19 inefficiently run and it was mostly because of the
20 environment that Luke created where I had no
21 authority. And so they pretty much did whatever
22 they wanted. They went to me for advice.
23         Q.   You say you had no authority. What do
24 you mean by that?
```

      28.      Djurickovic trained his three subordinate employees on their job duties. (Ex. 9, Dep. Tr. of Djurickovic, 52:10-52:24; 53:2-53:54.)

**Response: Plaintiff does not dispute that he trained other employees on their job duties but he objects that they were his subordinate employees. Plaintiff further objects this sentence to the extent that it makes legal arguments and suggests that Plaintiff trained other employees as supervisor or manager.**

      29.      After his employment at LSK121 ended, Djurickovic applied to a Lab Manager position at EON Clinics, where he identified his role at LSK121 as a CAD/CAM, Composite Manager. (Ex. 9, Dep. Tr. of Djurickovic, 28:12-28:13; Ex. 13.)

**Response: Plaintiff does not dispute the paragraph. But Plaintiff objects the paragraph to the extent that it makes legal arguments and suggests that Plaintiff was a manager of CAD/CAM department.**

                                                               Plaintiffs Joon Young Chul Kim
                                                               and Kee June Kim, individually,

                                                               By:  /s/ Ryan Kim

                                                               Ryan J. Kim

Inseed Law, P.C.
2454 E. Dempster Street, Suite 301
Des Plaines, Illinois 60016
847)905-6262
Counsel for Plaintiffs